**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| In re: | § | Case No. 11-52433-705 |
| | § | |
| Richard A. Diamond, | § | Chapter 7 |
| | § | |
| Debtor. | § | [Related to Docket #15] |

**ORDER STRIKING, AND  IN THE ALTERNATIVE DENYING,**
**THE MOTION FOR EXTENSION**

On February 28, 2012, certain alleged creditors of the Debtor (Valerie Coyle, *et al.*, collectively, the "Creditors"), through their counsel, filed a Motion for Extension (the "Motion") [Docket #15].  In the Motion, the Creditors ask for an extension of time to allow them to obtain counsel to bring an adversary proceeding related to the alleged nondischargeability of their debts.  In the Motion, the Creditors refer to another, similar motion (the "Goldstein Motion") [Docket #13] that was filed by two pro se creditors, one of whom was a Mr. Michael Goldstein. The Goldstein Motion had requested for "60 day extension of the proceedings" and a delay in the entry of discharge.  In their Motion, the Creditors appear to join in the Goldstein Motion's request for an extension of time, although the Creditors ask for 90, rather than 60, days.  The Goldstein Motion was denied on February 28, 2012.[1]  Shortly after the order denying the Goldstein Motion was entered, Mr. Goldstein contacted Chambers staff by telephone and attempted to make ex parte disclosures and argument. After Chambers staff refused to engage Mr. Goldstein in the impropriety, he became

---

[1] The Goldstein Motion was denied because: (1) a request for a "60 day extension of the proceedings" is generic and no cause for abatement of the entire proceeding was alleged; and (2) there is no need to delay the entry of the discharge simply because a creditor wants to bring an action for a determination of dischargeability.  An order of discharge does not determine when or whether an action for a determination of dischargeability (under Bankruptcy Code § 523(a)) may be brought.  And a successful § 523(a) action does not prevent the entry of an order of discharge or modify the order of discharge. Rather, it serves as a determination that the order of discharge that is entered does not operate to discharge a specific debt.

belligerent before abruptly slamming down the receiver.  The Court assumes that the Creditors on the instant Motion do not also join in Mr. Goldstein's sentiments.

To any degree, the Court notes that the attorney who filed the Motion on behalf of the Creditors is not admitted to practice before this Court and has not filed a Motion for Admission Pro Hac Vice or paid the pro hac vice admission fee, as required by the Local Rules.  Accordingly, the Court **ORDERS** that the Motion be **STRICKEN** as impermissibly filed in violation of the Local Rules.

In the alternative, the Court would order that the Motion be denied.  The Creditors seek a "90 day extension to hire counsel."  What deadline it is that the Creditors want extended by 90 days is unspecified.  There is no deadline for hiring counsel and nothing prevents the Creditors from hiring counsel.  Moreover, there are no grounds warranting an abatement of the entire case for ninety days.  This denial in the alternative would be without prejudice to the Creditors re-filing and making a more specific request for an extension.

DATED:  February 29, 2012                          CHARLES E. RENDLEN,
St. Louis, Missouri 63102                              U.S. Bankruptcy Judge
mtc

Copy Mailed To:

Casey Green, Esquire
1101 Market Street
2700 Aramark Tower
Philadelphia, PA 19107

Charles M Markwell
Markwell Law, LLC
9979 Winghaven Blvd. Ste. 210A
O'Fallon, MO 63368

A. Thomas DeWoskin
Danna McKitrick, PC
7701 Forsyth, Suite 800
St. Louis, MO 63105